## In re HENDERSON.

(Court of Appeals of District of Columbia. Submitted November 8, 1920. Decided January 3, 1921.)

### No. 1322.

1. Patents ⊙⊐112(4)—Interference decision estops party who copied claims only as to exact decision.

    A decision determining priority in an interference proceeding is conclusive against the party who copied his opponent's claims, and who, therefore, could not bring into judgment matters outside of those claims, only as to the exact thing in judgment, not as to what might have been adjudicated.

2. Patents ⊙⊐112(4)—Interference decision as to claims for motor conclusive against claims for device.

    An interference decision, awarding priority to another for claims covering a controller for electrically operating a motor in either direction, is conclusive against the defeated party as to claims for a controller for a device, which is shown by the specifications to be identical with the motor of the interference.

3. Patents ⊙⊐97—Equity regarded in administering patent law.

    Equitable principles have a place in the administration of patent law, and shield the innocent from the consequences of unfair practice.

4. Patents ⊙⊐109—Delay until senior's time for reissue expired held to estop new claims.

    A party defeated in an interference proceeding, who took the full time allowed him for presenting new claims, as a result of which the successful party's time for applying for a reissue to cover the new claims, if disclosed by his specifications, had expired, is estopped en pais from making the new claims.

5. Patents ⊙⊐109—Commissioner represents adverse litigants and public.

    The Commissioner of Patents, in passing on an application for a patent represents an adverse litigant in previous interference proceedings and the public, so that he can rely on injury to the adverse litigant and to the public to establish estoppel to make the new claims.

6. Patents ⊙⊐112(1)—Junior inventor not entitled to claim dominating senior.

    An applicant, who had been defeated in an interference proceeding, is not entitled thereafter to an allowance of claims which would dominate the claims awarded to his opponent in the interference.

Appeal from the Commissioner of Patents.

Application by Clark T. Henderson for a patent. From a decision of the Commissioner of Patents, refusing to allow claims 1 to 5 of the application, applicant appeals. Affirmed.

E. B. H. Tower, of Milwaukee, Wis., and R. O. Hinkle, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

SMYTH, Chief Justice. The Commissioner of Patents refused to allow claims 1 to 5, inclusive, of Henderson's application, on the ground that he was estopped from asserting them. Claim 1 is representative of the others, and is as follows:

A controller having positive and negative line terminals and terminals for the device to be controlled, an electromagnetic switch for connecting one of

the line terminals to one of the terminals for said device, another electromagnetic switch for connecting the same line terminal to the other terminal for said device, a third electromagnetic switch for connecting the first terminal for said device to the other line terminal, and means for energizing said switches so that the first switch may close alone and the other two may be in closed position at the same time.

In April, 1908, one Gilpin filed an application on which a patent issued in August of the same year. A little over a month afterwards Henderson filed his present application, in which claims 1 to 6 of the Gilpin patent were copied. He requested an interference with the latter which was declared. All the tribunals of the Patent Office decided against him, and this court affirmed the Commissioner's decision. Henderson v. Gilpin, 39 App. D. C. 428. In February, 1913, the claims of the interference in Henderson's application were finally rejected in accordance with the practice in the Patent Office.

Henderson waited almost a year and then presented claims similar to those before us. They were rejected on the ground of res judicata. After much delay he again presented the disallowed claims, rewritten, however, so as to improve their terminology but without changing their substance. They were finally rejected and are now before us on appeal. The examiners in chief held that Henderson was estopped by judgment, and the assistant commissioner that he was estopped en pais.

[1, 2] With respect to the estoppel by judgment, if there is such an estoppel in this case it must be touching the exact thing in judgment—not what might have been adjudicated—because the claims having been taken from Gilpin's patent could not be changed, so as to bring into judgment matters outside of them. Henderson, therefore, is bound only by the thing passed upon. It covered means for electrically operating a "motor" in either direction. In the present proceeding the invention relates to a "device" electrically controlled so that it will move backwards and forwards. Now, a motor is a device, but a device may be a motor or something else. When, however, we consider the appealed claims in connection with the specifications, we are convinced that the "device" of the issue is identical with the "motor" of the interference. The subject-matter, then, of the two proceedings is the same; so are the parties, for the commissioner represents Gilpin. In re Dement, 49 App. D. C. 261, 263 Fed. 813, and cases cited. It follows that Henderson is estopped by the judgment. Blackford v. Wilder, 28 App. D. C. 535.

In re Curtiss, 46 App. D. C. 183, relied on in this regard by Henderson, does not conflict with anything we have said. It was asserted in that case that the decision in an interference proceeding between Curtiss and one Janin had disposed of the questions then before the court, but the contention was rejected because the claims in the first case related to a flying machine capable of arising from the surface of the water, while in the case which the court was considering a skimming boat was the subject of the controversy. In other words, the subject-matter of the one case was different from that of the other. Not so here.

If we assume, however, that the subject-matter is not the same, that would not save Henderson, because he is undoubtedly estopped en pais.

[3] We have shown the dilatory course pursued by him in the Office. He took every moment of time allowed by law. While ordinarily this would not have harmed him, it must be held otherwise here because of the interposition of certain equitable principles. Equity has a place in the administration of the patent law (Hisey v. Peters, 6 App. D. C. 68; In re Mower, 15 App. D. C. 144; Scott v. Scott, 18 App. D. C. 420; Computing Scale Co. of America v. Automatic Scale Co., 26 App. D. C. 238), and shields the innocent from the consequences of practices that are unfair.

[4] Henderson had access to the Gilpin papers in the interference. He knew whether Gilpin's disclosure would support a claim such as he, Henderson, is now asserting. If it would, Gilpin would have a right to apply for a reissue to cover it, provided his application was made within the time provided by law. Equity required Henderson to make known to Gilpin before the lapse of that time that he had a claim which, if allowed, would dominate Gilpin's. If he had done so, the latter would have had an opportunity to defend himself; but Henderson did not do this. Instead he waited until Gilpin was helpless, and then sought to take from him what this court had awarded him in Henderson v. Gilpin, 39 App. D. C. 428.

[5, 6] Not only is Gilpin interested in this phase of the case, but the public is also, and it is the duty of the Commissioner to protect the public as well as the litigants. In re Marconi, 38 App. D. C. 286, 290; Moore v. Chott, 40 App. D. C. 591, 596; In re Drawbaugh, 9 App. D. C. 219, 240. Gilpin under his patent has enjoyed a monopoly of the invention for about 12 years. A reissue would not extend his monopoly beyond 17 years. If, however, we yield to Henderson's contentions, he would receive a patent which would run 17 years from its date, thus stretching the time of the monopoly to which the public would be subjected at least 12 years more than the law contemplates. Considering, as we must, the rights of Gilpin and the rights of the public, we are clear that Henderson is estopped en pais. Moreover, it is the law that a losing party in an interference is not entitled to claims that would dominate the claims given to his successful rival. In re Marconi, supra. This principle would be violated in the present case if Henderson was permitted to prevail, for his claims would dominate Gilpin's.

The decision of the Commissioner of Patents is right, and it is affirmed.

Affirmed.