## In re WAGENHORST.

### Patent Appeal No. 3058.

Court of Customs and Patent Appeals.

Jan. 23, 1933.

Church & Church, of Washington, D. C. (Melville Church and Clarence B. Des Jardins, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 1, 3, and 11 of appellant's application, filed April 2, 1927, which application was a division of a copending application of appellant, filed July 17, 1924. Patent was issued to appellant upon said copending application on May 10, 1927, being Patent No. 1,628,626.

Certain other claims of the application here involved were allowed.

The rejected claims read as follows:

"1. A wheel comprising a brakedrum, a tire-carrying rim, and means for demountably attaching said rim to the drum and transmitting load, sidethrust, and torque from one to the other, including a plurality of spoke members rigidly secured to the rim and each detachably connected to the brakedrum independently of the others, said brakedrum having stiffening formations therein to strengthen it against the load, sidethrust, and torque imposed thereon.

"3. A wheel comprising a brakedrum, a tire-carrying rim, and means for demountably attaching said rim to the drum and transmitting load, sidethrust, and torque from one to the other, including a plurality of spoke members rigidly secured to the rim and each detachably connected to the brakedrum independently of the others, said brakedrum having radial corrugations formed therein to reinforce it against the load, sidethrust, and torque imposed thereon.

"11. A wheel comprising a brakedrum, a tire-carrying rim, a plurality of spoke members each comprising an inner portion and a pair of diverging outer portions reinforced by longitudinally extending corrugations, each outer portion being bent laterally to form a foot extending parallel to and rigidly secured in engagement with the inner face of the rim, and inner portions of said spoke members extending alongside the side wall of the brakedrum, and means for detachably connecting the inner portions of said members to the brakedrum, whereby load, sidethrust and torque are transmitted through the brakedrum."

The references cited are: Cockburn (British), 2,697, of 1895; German patent, 261,384, of 1912; Waterbury, 626,254, June 6, 1899; Austin, 1,340,697, May 18, 1920; Forsyth, 1,373,185, March 29, 1921; Siddeley 1,439,269, December 19, 1922; Sankey, 1,552,350, September 1, 1925; Putnam, 1,612,050, December 28, 1926; Wagenhorst, 1,628,626, May 10, 1927; Michelin, 1,635,894, July 12, 1927.

The application before us relates to a wheel construction in which the brakedrum is used as the supporting means for the inner ends of short spokes, the outer ends of which are connected to the tire-carrying rim. Radially extending stiffening corrugations are provided in the side-face of the drum. The spokes are of "Y" formation and are also provided with longitudinally stiffening corrugations. The inner ends of the spokes are provided with sockets which seat on the outer ends of the brake drum corrugations. The drum and spokes are connected by detachable connections, as bolts, which permit the rim and spokes to be removed from the drum.

As hereinbefore stated, the present application is a division of appellant's application upon which his said patent, No. 1,628,626, was issued, which patent claims the general combination of a hub, a brakedrum mounted on the hub, a rim, and a plurality of spoke members detachably connected to the brakedrum.

The basic reference relied upon by the Patent Office was the patent to Putnam, which patent was issued upon an application filed April 7, 1924. This patent discloses and claims the combination, in a wheel, of a hub, a brakedrum, a rim, a web extending between said drum and hub and secured to the latter, and a series of spokes extending radially inwardly from said rim and demountably attached to said brakedrum.

Claim 1 was rejected by the Examiner upon the reference Putnam alone, and also upon Putnam in view of the reference Sankey. Claim 3 was rejected by him upon Putnam in view of Sankey, and claim 11 was rejected upon Putnam in view of the German reference or Cockburn, and in view of the references Austin or Waterbury. Said claims 1, 3, and 11 were also rejected upon the ground of double patenting, referring to the Wagenhorst reference.

The Board of Appeals concurred with the Examiner upon all of his grounds of rejec-

tion except that of double patenting. With regard to this ground of rejection the Board in its decision said: "The rejection of claims 1, 3 and 11 on the ground of double patenting will not be insisted upon. Putnam constitutes at least as good a basic reference as Fig. 1 of the Wagenhorst patent. If these claims should be held patentable over Putnam, it is believed that they should be allowed notwithstanding applicant's former patent."

Appellant attempted to overcome the Putnam reference by an affidavit under rule 75 of the Patent Office. Both tribunals of the Patent Office held that Putnam claimed as well as disclosed the invention involved in the claims here in issue, and therefore said rule 75 had no application. If this be true, it follows that said Putnam reference could be overcome only under rule 94 of the Patent Office, that is, by appellant copying claims from said patent and contesting an interference. It is conceded that, if the Putnam reference discloses but does not claim the invention which is the subject of said claims 1, 3, and 11, the affidavit filed by appellant is sufficient to overcome said reference.

The principal question in the case is whether said rule 75 is applicable to the Putnam reference.

Appellant's contention is stated in his brief as follows: "We contend that the Board of Appeals erred in its interpretation or application of Rule 75. That rule makes it a condition to the overcoming of a reference by an ex parte affidavit, that the reference patent should show, but not claim, the rejected invention. The rejected invention is the invention claimed in the rejected claims. The Putnam patent does not claim the invention specified and claimed in claims 1, 3 and 11, the rejected claims of the application. Therefore, applicant comes within the spirit and terms of Rule 75 and his affidavit, which admittedly makes a sufficient showing of facts, should have been given effect and the Putnam patent withdrawn as a reference. We urge, therefore, that the Board of Appeals be reversed as to the rejection of claims 1, 3 and 11 of the Wagenhorst application."

Said rule 75 reads as follows: "75. When an original or reissue application is rejected on reference to an expired or unexpired domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing of the application on which the domestic patent issued, or before the date of the foreign patent, or before the date of the printed publication, and shall also make oath that he does not know and does not believe that the invention has been in public use or on sale in this country, or patented or described in a printed publication in this or any foreign country for more than two years prior to his application, and that he has never abandoned the invention, then the patent or publication cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than two years prior to the date on which application was filed in this country."

Appellant never sought to secure an interference under said rule 94, which reads as follows:

"94. Interferences will be declared between applications by different parties for patent or for reissue when such applications contain claims for substantially the same invention which are allowable in the application of each party, and interferences will also be declared between applications for patent, or for reissue, and unexpired original or reissued patents, of different parties, when such applications and patents contain claims for substantially the same invention which are allowable in all of the applications involved: Provided, That where the filing date of any applicant is subsequent to the filing date of any patentee, the applicant shall file an affidavit that he made the invention before the filing date of the patentee.

"Where claims are copied from a patent and the examiner is of the opinion that the applicant can make only some of the claims so copied, he shall notify the applicant to that effect, state why he is of the opinion that he can not make the other claims and state further that the interference will be promptly declared and that the applicant can proceed under rule 109, if he further desires to contest his right to make the claims not included in the declaration of the interference.

"Parties owning applications or patents which contain conflicting claims will be required before an interference is declared to show cause why these claims shall not be eliminated from all but one of the applications or patents of common ownership."

Appellant earnestly contends that Putnam does not claim the invention here involved. The Board of Appeals held that claims 5 and 6 of the Putnam patent embodied the invention here in issue. Said claims read as follows:

"5. In a wheel, the combination with a hub, a brake drum and a rim, of a web in-

834

tegral with said brake drum extending radially inward and secured to said hub, and a series of spokes extending radially inward from said rim and secured to said brake drum.

"6. In a wheel, the combination with a hub, a brake drum and a rim, of a web extending between said drum and hub and secured to the latter, and a series of radial spokes extending inward from said rim and demountably attached to said brake drum."

Before considering whether Putnam claims the invention here involved, we will consider whether his specification discloses any of the elements here in issue not claimed by him. We find that he was allowed six claims, and we find nothing in his specification touching the elements of the claims here in issue that is not found in one or more of said claims. In other words, if Putnam does not claim the invention here involved, neither does his specification substantially disclose it.

■ It is too clear for argument that, before the provisions of said rule 75 may be invoked to overcome a reference, the invention must be substantially disclosed, but not claimed, in the reference. Appellant, neither in his brief nor upon oral argument, has pointed out wherein Putnam discloses any of the elements of the claimed invention which he, Putnam, does not claim; and, as heretofore stated, there is no such disclosure therein.

It follows therefore that, if, as appellant contends, Putnam does not claim the rejected invention, then neither does he disclose it, and for that reason appellant is barred from invoking said rule 75. If Putnam does claim it, appellant is likewise barred from resorting to said rule.

■ We hold that the Putnam patent is a valid reference for all that it discloses. We further hold, for the reasons hereinafter stated, that there is no patentable distinction between the claims here in issue and the claims of the patent to Putnam, and therefore Putnam claims the invention here involved.

With respect to claim 1, while both Patent Office tribunals held that it reads upon the Putnam patent, they also rejected the claim upon the ground that it was unpatentable over Putnam in view of the reference Sankey. The particular element distinguishing this claim from the Putnam patent, if it can be distinguished at all, is the element describing a brakedrum "having stiffening portions therein to strengthen it against the load, sidethrust and torque imposed thereon." Both tribunals of the Patent Office held that this element was shown in the patent to Sankey.

Claim 3 differs from claim 1 only in that it is more specific, in that said stiffening formations set forth in claim 1 are described in claim 3 as "radial corrugations." Both tribunals of the Patent Office also held that this element was shown in the Sankey patent.

Claim 11 contains an element not found in claims 1 and 3, nor in the Putnam patent, viz., that each of the spoke members have a "Y" shape; that is, the outer portion of the spoke is divided into a pair of dividing arms, as set forth in the claim, and each spoke is reinforced by longitudinally extending corrugations.

Both tribunals of the Patent Office held that the "Y" shaped spokes were shown in the German reference and also in Cockburn, and that the spoke strengthening corrugations were shown in the patents to Austin and Waterbury.

The Examiner specifically held that the aforesaid elements, to wit, stiffening formations of the drum and spokes, and the "Y" shaped spokes, performed no other functions in the combinations here claimed than were performed by the same elements in the cited references. The Board of Appeals did not make an express finding upon this point, but did hold that patentability of the claims could not be predicated upon the elements not found in the Putnam patent, inasmuch as such elements were found in the other references cited. In other words, both tribunals held that the basic Putnam reference could not be avoided by the elements in the claims on appeal not shown by Putnam, for the reason that such elements were shown in other references, and performed no functions in appellant's structure different from those performed by the same elements in the references.

We agree with this view and hold that the claims are unpatentable over the reference Putnam in view of the other references cited.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.