22 C. C. P. A. (Patents)

In re SOLA.

Patent Appeal No. 3518.

Court of Customs and Patent Appeals.

June 3, 1935.

Fricke & De Busk, of Chicago, Ill. (Leslie W. Fricke, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Wasington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, in view of the prior art, claims 1, 6, 7, and 8 of appellant's application, serial No. 625,000. It appears from the record before us that no claims were allowed.

Claim 1 is illustrative of the claims here involved, and reads as follows: "1. In a core type of transformer, the combination of a laminated core bar, a primary coil and a secondary coil mounted on said core bar in end to end relation to each other, a second laminated core bar in spaced relation to said first named core bar closely adjacent to said coils along the side faces of the coils, other laminated core bars connecting said first named two core bars at their end portions beyond said coils providing an all-metal return path of substantially the same cross-sectional size as that of said first named core bar, and an intermediate core bar located between the adjacent ends of coils providing a shunt return path including an air gap whereby a part of the flux threading such primary coil is diverted from said secondary coil."

The references cited are: Thomson, 400,515, April 2, 1889; Conrad, 1,123,248,

January 5, 1915; Hendricks, 1,297,161, March 11, 1919; Wagner, 1,635,064, July 5, 1927; Daley et al., 1,777,256, September 30, 1930; Daley et al., 1,786,422, December 30, 1930; Sola, 1,841,685, January 19, 1932; Ross, 1,874,806, August 30, 1932; Thordarson, 1,884,386, October 25, 1932; Pearson et al., 1,895,231, January 24, 1933; "Electrical Machine Design" Gray (2d Ed.) 1926, pp. 486, 487; "Principles of Alternating Current Machinery," Lawrence (2d Ed.) 1921, pp. 151–153.

Of these references, the Board of Appeals specifically discussed only the references Pearson et al., Daley et al., Hendricks, and Wagner, and upon these references affirmed the decision of the Examiner. In view of the conclusion we have reached, it is only necessary for us to consider the references specifically relied upon by the Board.

Appellant's alleged invention is concisely described by the Examiner as follows: "Briefly, the claimed subject matter relates to the construction of a core type transformer especially adapted for use with the well known neon lamp signs which are used for commercial advertising and displays. The transformer is composed of two elongated, spaced, parallel soft-iron members which are united at their adjacent ends by leg members of the same material so as to form a continuous iron path for magnetic flux. Upon one of the elongated members known as the 'core,' are placed two coils which are coaxially arranged in spaced relationship with respect to each other. One coil is known as the 'primary' and the other as the 'secondary.' Extending across the space between the core and the other elongated member, known as the 'yoke,' is a third leg made of the same material of which the other portions of the magnetic structure is made. This third leg or 'magnetic shunt' as it is commonly known is positioned between the spaced primary and secondary coils. The magnetic shunt is interrupted by an air-gap so as to give to it a comparatively high magnetic reluctance to the passage of magnetic lines of force therethrough.

"The coils are provided with the necessary insulation to prevent electric current from passing between turns of the same coil, between coils, and between either coil and the magnetic structure.

"The transformer is positioned within an iron or steel casing for protection and convenience. The necessary leads and bushings are provided so that electrical connections can be made between the coils within the casing and electrical circuits without the casing. * * *

"In constructing the magnetic structure which may be broadly referred to as the 'core structure,' applicant has found it convenient to provide a dove-tail joint between the core on which the coils are positioned and the remainder of the magnetic structure in order that the coils may be mounted upon the core before it is joined with the rest of the magnetic structure. Such construction makes it possible to assemble the transformer with greater ease while preserving good continuity of the magnetic circuit. The joints must, of course, fit tightly.

"The cross-sectional area of the yoke and of the end legs is equal to that of the core and that of the shunt is about four-fifths of the cross-sectional area of the core."

The Examiner in his original statement relied upon the patents to Daley et al., Pearson et al., and Thordarson as the basic references. In a supplemental statement he assigned, as an additional ground of rejection, the reference Pearson et al. alone as to claims 1, 6, and 8, and Pearson et al. in view of Wagner and Hendricks as to claim 7. He also held that appellant was estopped from making claims 1 and 8 upon the ground that appellant had been in interference with the application of Pearson et al. upon which their said patent was issued, in which interference Pearson et al. had been awarded priority of invention, and appellant failed to present said claims 1 and 8 in such interference, which he might have done.

As hereinbefore stated, the Board of Appeals affirmed the decision of the Examiner upon Pearson et al. and Daley et al., in view of Hendricks or Wagner. It did not expressly pass upon the question of estoppel against appellant with respect to claims 1, 6, and 8.

The element of appellant's claims principally relied upon for patentability is a shunt return path in the transformer, provided with an air gap, from the second core bar to the main core bar.

The patents to Daley et al. disclose a transformer of the shell type, which differs from the core type in that the shell type has second core bars on both sides of the main core bar, while in the core type

the second core bar passes along only one side of the main core. The Daley et al. patents disclose a primary core with a primary coil and secondary coils in end to end relation. Legs of the core stack form shunt paths for the flux, and air gaps in the shunt paths similar to those disclosed by appellant are shown.

The drawings of the patent to Pearson et al. disclose a transformer of the shell type having a primary core, and, on opposite sides thereof, core sections with legs, and intermediate legs provided with air gaps. The primary coil and secondary coils are arranged in end to end relation on the primary core. The patent contains the following statement: " * * * while the drawing shows a main or primary core section 1 and a plurality of secondary core sections disposed on opposite sides of the section 1, it will be understood that a single secondary core section may be employed."

The patents to Hendricks and Wagner were relied upon merely as showing that the use of dovetail stampings in the construction of transformers was old in the prior art.

Both tribunals of the Patent Office held that the provision for casings for transformers was common practice, and that the element calling for casings for the transformers in claim 6 did not aid patentability of the claim.

As hereinbefore indicated, it appears from the record that appellant had been a party to an interference with the patentees Pearson et al., upon the application of said patentees on which their patent issued. With respect to this interference, the Board of Appeals in its decision stated:

"Appellant, in an interference proceedings with an application from which the Pearson et al. patent issued, conceded priority as to several counts of which the following is one:

"7. In a transformer, the combination of a straight laminated core bar, a primary coil mounted on said core bar, a secondary coil mounted on said core bar in end to end relation to said primary coil, a second laminated core bar in spaced relation to said first named core bar and having at least one intermediate leg formed therewith extending between said coils into close proximity to said first named core bar but with an effective air gap between the leg and said first named core bar, and an end

leg at each end of the device each formed with one of said spaced core bars and extending into snug engagement with the other one of said core bars.

"This application discloses, and the claims are limited to, a transformer of the type in which the second core passes along only one side of the main core. This is known as the core type transformer. The Pearson et al. drawing discloses second core bars on both sides of the main core bar and this is known as the shell type. On page 2 of the Pearson et al. patent, at line 69, there is a statement that a single secondary core section may be employed. We believe this clearly shows that the above-copied claim, which is claim 7 of the Pearson et al. patent, not only does but was intended to cover both types of transformers."

The Board then held that claims 1, 6, and 8 were unpatentable over said claim 7 of the Pearson et al. patent. It also affirmed the rejection of said claims upon the Daley et al. patents, stating: "The examiner has also rejected these claims as unpatentable over the Daley et al. patents which are of the shell type. We have carefully considered appellant's argument but we concur with the examiner that since both types of transformers were well known and the advantages and disadvantages of each thoroughly understood, there would be no invention in employing the return shunt with its air gap as shown by Daley et al. with a core type transformer."

With respect to claim 7, the Board held that the element relating to holding the main core bar, referred to by the Examiner as dovetailed stampings, did not aid patentability of the claim for the reason that the references Hendricks and Wagner disclosed such element in shell type transformers, and that there would be nothing unobvious in applying such element in core type transformers.

We are in accord with the view of the Board with respect to the claims in issue.

It appears that appellant conceded priority of invention to Pearson et al. with respect to the claim of their patent hereinbefore quoted. Appellant admits that said claim was intended to cover both the core type and the shell type of transformer, but contends that the claims here involved are narrow, specific claims, embodying patentable improvements based on a specific construction not disclosed by Pearson et al.

With respect to this contention the Board held that the elements recited in the claims here involved, and not found in said claim 7 of the Pearson patent, did not render them patentable over said claim 7; in other words, there was no patentable distinction between claim 7 of said patent and the claims here in issue.

The element of the claims before us chiefly relied upon by appellant, not found in claim 7 of said patent or disclosed in said patent, is the element reciting "an all metal return path of substantially the same cross-sectional size as that of said first named core bar," found in claim 1 here involved, and in substantially the same language in the other claims before us.

With respect to this matter, the Board in its decision said: " * * * Claim 8 specifies that a portion of the second core bar must be substantially of as great cross-section as that of the main core bar. Probably Pearson et al. could not have made this claim but we consider that it should be obvious that the size of the second core bar must be increased when only one such bar is employed, as in the core type of construction. * * * "

Upon this point the Examiner stated: "Consequently, each of claims 1, 6 and 8 were rejected as unpatentable over each of the patents to Daley (both), Thordarson, and Pearson because in view of the publications (by Gray and Lawrence) both the core type and the shell type of construction are well known and have their particular advantages and in view of the obvious fact that the core and yoke must be (and normally are) of the same cross-sectional area in the core type of transformer."

We cannot say that the Patent Office tribunals were in error in holding as above quoted, and we therefore cannot hold that the element with respect to the cross-sectional size of the yoke providing the "all metal return path" renders the claims here involved patentably distinct from claim 7 of the Pearson et al. patent. As to the other elements contained in the claims here involved, and not found in said claim 7 of the Pearson et al. patent, we are in agreement with the Board that none of such elements render the claims patentably distinct from said claim 7.

Appellant strenuously contends that none of the claims here in issue could have been put in interference with the Pearson et al. patent because said patent did not disclose all the limitations contained in the claims in issue. This may be readily granted, but that is immaterial to the question here involved. The only invention disclosed in appellant's application was also disclosed and claimed in the Pearson et al. patent; appellant in an interference proceeding conceded priority to Pearson et al. upon that invention, and an award of priority was made to Pearson et al. Surely, appellant may not now be awarded a patent for the same invention that he conceded to Pearson et al. by reason of the fact that he has made claims containing limitations which do not define, when considered with the other elements of the claims, anything inventive over the Pearson et al. disclosure and the invention claimed in said claim 7 of their patent.

Appellant urges commercial success as evidence of invention, and also urges that the record shows that the Examiner was in doubt with respect to the patentability of the claims because he filed a supplemental statement assigning additional grounds of rejection of the claims; he contends that these facts should be considered as aiding patentability of the claims.

While it is well settled that commercial success may be considered as evidence of invention under some circumstances, it is also well settled that it may not be so considered when it is obvious that the claimant has disclosed no invention. In re Rutledge, 47 F.(2d) 797, 18 C. C. P. A. (Patents) 1081. We do not think that in the case at bar commercial success should be accepted as evidence of invention.

With respect to appellant's contention that the Examiner was in doubt as to the patentability of the claims, we observe that his supplemental statement merely assigns "two additional grounds of rejection." There is nothing in said supplemental statement indicating that the Examiner did not also adhere to the grounds of rejection set forth in his original statement. We find nothing in said supplemental statement or the presentation thereof indicating any doubt upon the part of the Examiner as to the nonpatentability of the rejected claims.

We find no error in the decision of the Board of Appeals, and its decision is affirmed.

Affirmed.