**UNITED STATES RUBBER CO. v. COE, Commissioner of Patents.**

No. 8710.

United States Court of Appeals District of Columbia.

Argued Nov. 17, 1944.

Decided Jan. 2, 1945.

Mr. Newton A. Burgess, of New York City, with whom Messrs. Lester G. Budlong, of New York City, and Ralph B. Stewart, of Washington, D. C., were on the brief, for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This is an appeal from an order dismissing a complaint brought under Section 4915, R.S.[1] against the Commissioner of Patents to authorize the grant of a patent on the application of Ernest Eger. Prior to this suit the Eger application became involved in interference proceedings with the application of one Watson. In that interference proceeding priority of invention was finally awarded to Watson after an appeal to the Court of Customs and Patent Appeals. The count in that interference proceeding was different in form from the claims presented here. Nevertheless, all the claims are readable on the Watson application and are conceded to be unpatentable over its disclosure.

Appellant argues that since the claims presented here relate to a different subject matter than the count in the prior interference proceedings he is entitled to retry in this case the issue of the priority of the Watson patent. We cannot accept that conclusion. In Daniels v. Coe,[2] we said: "An interference determination settles not only the claims made, but all that could have been presented." Following the same principle, the Court of Customs and Patent Appeals has held that a losing party to an interference proceeding is not entitled to a patent on claims not patentable over the disclosure of the successful party.[3]

Since it is conceded by appellant that the claims here presented are not patentable over the Watson application, and since in an interference with the Watson application an award of priority on the general subject matter was given to Watson, the issue presented by appellant has become res adjudicata.

The judgment of the court below will, therefore, be

Affirmed.

[1] 35 U.S.C.A. § 63.

[2] 1940, 73 App.D.C. 54, 56, 116 F.2d 941, 943.

[3] In re Karplus, 1938, 97 F.2d 100, 25 C.C.P.A., Patents, 1192; In re Cole, 1936, 82 F.2d 405, 409, 23 C.C.P.A., Patents, 1057; In re Sola, 1935, 77 F.2d 627, 630, 22 C.C.P.A., Patents, 1313.