1010

36 C.C.P.A.(Patents)

### Application of HADSEL.
### Patent Appeal No. 5562.

United States Court of Customs
and Patent Appeals.
April 12, 1949.

Campbell, Brumbaugh, Free & Graves, of New York City (Walter H. Free and Byron T. Gardner, both of New York City, and Martin T. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1 to 12, inclusive, all the claims in appellant's application for a patent for "Elevator Control Device," as being unpatentable by reason of double patenting over appellant's prior patent, No. 2,338,582.

Claim 1 is considered illustrative, and reads as follows: "1. In an elevator control device, the combination of an operator's hand rest mounted in the elevator car and spaced from a wall in the car to provide a recess behind said hand rest, and at least one elevator car movement-controlling member positioned in said recess under the fingers of the operator as his hand lies on said hand rest, whereby the operator controls movement of the elevator car by finger operation."

The references relied upon are: Schwab, 1,052,285, Feb. 4, 1913; Hadsel, 2,338,582, Jan. 4, 1944.

In his brief, appellant describes his application here involved as comprising a control device for manually controlled elevators including a panel mounted flush against the wall of an elevator car, and provided with an opening communicating with a recess behind the panel. The lower edge of the opening is formed as a rest for the palm of the elevator operator's hand with the fingers depending into the recess conveniently adjacent to the control member for controlling the "up" and "down" movement of the elevator car.

Appellant's patent, No. 2,338,582, supra, was issued on January 4, 1944, upon his application filed December 5, 1941. On December 6, 1943, the application here involved was filed as a division of appellant's application which matured into patent No. 2,338,582, supra. By reference to those dates it will be observed that the respective applications were copending during the period from December 6, 1943, to January 4, 1944.

Both parties agree that all of the claims here involved are covered by appellant's patent No. 2,338,582, supra, the issue here being whether appellant's control member without the tactile signal of his prior patent, No. 2,338,582, supra, represents a different invention from the same control member with the tactile signal added.

In his brief, appellant asks, "may an applicant, having obtained a patent claiming a combination of elements such as A,

B and C, obtain a second patent claiming specifically one or more but not all of the same elements, where the second patent has a disclosure of the first patent and was copending therewith?" The appellant contends that two patents may issue under those circumstances, and in support of that contention cites In re Carlton, 77 F.2d 363, 365, 22 C.C.P.A., Patents, 1223. In that case, the two inventions were an adhesive material and an abrasive product including such adhesive material, the two being entirely different articles of commerce. The court there said, "the mere fact that appellant included in his patented combination the element or composition of matter here involved, does not preclude him from receiving a patent for the composition of matter defined by the appealed claims." However, it does not necessarily follow that every element or subcombination of a patented combination claim is separately patentable. In each such case, the question to be determined is whether two or more different inventive concepts are involved.

The patent to Schwab, 1,052,285, supra, shows a tactile signal for elevators. The signal is located in the control handle and performs the same function as the tactile signal shown in the appellant's patent, 2,338,582, supra. It appears obvious that the idea of a tactile signal located in the control handle is of general application, and that the signal could be applied to any hand controller.

The Schwab patent, supra, was cited as a reference by the examiner during the prosecution of the Hadsel patent, 2,338,-582, supra; therefore, it seems obvious that claims 1, 8, and 9 of that patent were not allowed on the basis of the tactile signal feature. There is no peculiar coaction between the tactile signal and the other elements of said claims 1, 8, and 9. It therefore seems clear that the examiner would not have allowed claims 1, 8, and 9 of appellant's patent, 2,338,582, supra, unless he considered that the elements of those claims, apart from the tactile signal, involved patentable novelty. In his statement to the board, the examiner said, "If the patent claims had been allowed on the basis of a new and vital combination of controller and signal, the case would be different. But the examiner who allowed them was well aware of Schwab's teaching that a signal could be incorporated in a control element exactly as recited in claim 1 of the patent."

As stated by the Solicitor for the Patent Office, " * * *. The signal does not in any way affect the control and the control does not affect the signal. The combined function of appellant's signal and control is simply the sum of the separate functions of the two. Clearly, therefore, the appealed claims and claims 1, 8 and 9 of appellant's patent are drawn to a single invention."

The question as to whether appellant could have obtained two patents is not before us here.

Appellant's application here involved was filed on December 6, 1943, less than one month prior to the issuance of his patent, 2,338,582, supra, on January 4, 1944, and two years and one day after the filing of the application on which that patent was granted. Therefore, the failure of appellant to obtain, or attempt to obtain, two patents at the same time was not due to circumstances beyond appellant's control. We think the appealed claims dominate and are broader than claims 1, 8, and 9 of appellant's patent, 2,338,582, supra, and if they should be granted, an extension of more than five years in appellant's monopoly of the subject matter of those patent claims would result. Such an extension would be the result of the action of appellant in delaying the filing of one application until the other was about to issue.

We have carefully considered appellant's brief and the argument presented by his counsel, but it is our conclusion that if the claims on appeal were allowed in the instant application it would amount to double patenting, and that the decision of the board affirming the action of the examiner was proper, and it is hereby affirmed.

Affirmed.