41 C.C.P.A.(Patents)
## Application of WALKER.
### Patent Appeal No. 6031.

United States Court of Customs
and Patent Appeals.

May 27, 1954.

Conder C. Henry, Washington, D. C. (James L. Whittaker and Floyd M. Harris, Princeton, N. J., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Judge.

This appeal was taken from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 11 to 21, inclusive, in appellant's application for a patent on an "Improvement in Electrical Circuit Arrangements for Effecting Integration and Applications thereof." Claim 22 was allowed.

Appellant, Doreen Walker, who is the executrix and legal representative of the applicant, Allen D. Blumlein, deceased, a subject of Great Britain, has withdrawn claims 18, 19, and 21. Those three claims were rejected as drawn to a non-elected species, and, no generic claim having been allowed, appellant concurs in such rejection, without surrendering her right, however, to present them at a later date in a divisional application.

Appellant's action is construed as a motion to dismiss claims 18, 19, and 21, and the motion will be granted. It is correctly stated in the decision of the board that "The claims remaining on appeal are directed to an integrating circuit for integrating an electrical voltage comprising an amplifier having input and output electrodes and a load impedance connected to the output electrode. A resistor is connected to the input electrode and a capacitor is connected between the input and output electrodes. The capacitor and resistor, when connected as described, serve to integrate the voltage applied to the input elec-

trode and the negative feedback provided by the capacitor enhances this result. Since there is no controversy as to the mode of operation of appellant's system, a more detailed description of the circuits is believed unnecessary."

Appellant alleges in her brief that the application in issue discloses three inventions, respectively illustrated by Figs. 1, 2, and 4 of the drawings; that Fig. 1, to which certain appealed claims relate, consists of an integrating circuit, and that Figs. 2 and 3, to which the remaining claims relate, consist of two species of sawtooth oscillators, or generators, employing such integrating circuit. As summarized by the Solicitor for the Patent Office: "From the mentioned figures of the drawings it is apparent that the integrating circuit of Fig. 1 includes a vacuum tube and certain circuit elements, while the generators of Figs. 2 and 4 include the same vacuum tube and circuit elements, with the addition of certain other circuit elements."

Appellant's application on appeal was involved in an interference with the patent to Whiteley, relating to a sawtooth voltage generator, in which proceeding the award of priority was adverse to appellant, as thus noted by the board:

"Claims 11 to 17 and 20 stand rejected on the patent to Whiteley with which the instant application was involved in Interference No. 83,205 on a two count issue corresponding to claims 1 and 2 of the patent. These patent claims are drawn to a sweep voltage generator incorporating an integrating circuit employing negative feedback, as illustrated in Fig. 5 of the patent, which appellant admits is for the most part similar to Fig. 2 of the present application. In the interference both Whiteley and appellant were given the benefit of their British filing dates and the interference terminated with a decision on priority adverse to appellant because Whiteley's convention date in Great Britain is earlier than appellant's convention date in that country, the foreign and United States filing dates of Whiteley and appellant being as follows:

Whiteley (2,412,485)
Filed in Great Britain
    February 17, 1942
Filed in U. S.
    February 5, 1943

Blumlein
    Filed in Great Britain
        June 5, 1942
    Filed in U. S.
        May 8, 1945

"In view of the adverse decision in the aforementioned interference, the Examiner takes the position that the Whiteley patent is a valid reference in the present case for what it discloses."

Counsel for appellant correctly state in their brief that the appealed claims define a sub-combination of the sawtooth oscillator covered by the counts of the interference; that is, as a claimed part of the subject matter involved in the interference. The claims at bar are different and broader than the counts of the interference because the claims omit certain elements defined by the counts. Counsel for appellant earnestly urge that this court adopt "the view that the appealed claims and the interference counts are for patentably distinct inventions, and that, since the Whiteley patent does not claim the subject matter of the appealed claims, the appellant is entitled to them because all the law requires in this regard is that he carry his invention date back to Whiteley's domestic filing date, and this the appellant did because of his priority right to rely on his foreign filing date for the invention actually claimed by him."

Essentially the same contentions were advanced in one form or another by appellant before the tribunals of the Patent Office and were there separately discussed and rejected. Implicit in the following excerpt from the decision of the examiner Andrus is the holding that in the case at bar the appealed claims dif-

fer in scope from the counts of the interference but do not define subject matter which is patentably distinct:

"Applicant has argued that the Whiteley claims are all directed to a sweep voltage generator, whereas applicant's claims are drawn to an integrating circuit. This is merely another way of stating that applicant's claims are broader than those of the patent, since the sweep circuit of Fig 2 as described by applicant is merely a free running version of the integrating circuit of Fig. 1 in which a constant, or battery voltage, is integrated. * * It is noteworthy that applicant's elected Fig. 2 is also a sweep voltage generator."

Furthermore, the examiner Andrus in the disposition of a motion in the interference had previously and positively held, as disclosed by the record, that at least certain of the specified circuit elements now in issue were included in the counts of the interference and that "In view of the then known conventional transition oscillator circuit design," one skilled in the art would be enabled, "without invention," to add these circuit elements.

Counsel for appellant in their second petition for reconsideration of the board's decision, which affirmed the holding of the examiner hereinbefore described, requested the board to answer the question and, if affirmatively answered, to cite supporting authority, as to whether the board was holding that the appealed claims and the counts of the interference "are not patentably distinct?" The board in reply stated that it had studied its original decision in the light of the question and other remarks presented by appellant, and then held:

"In the absence of a showing that appellant is the first inventor of the subject matter of the appealed claims, the same disclosure in the Whiteley patent is considered pertinent in the present situation. Federal Yeast Corporation v. Fleischmann Co., 351 O.G. 3; [4 Cir.], 13 F.2d 570. Moreover, to the extent that the claims here on appeal are directed to the same combination of a tube network including an integrating circuit in the input as set forth in the interference issue, they are considered to be not patentably distinct from the issue."

The Solicitor for the Patent Office notes in his brief that the sub-combination defined by the claims on appeal were claimed by both parties as part of the subject matter involved in the counts of the interference, which makes the claims at bar broader than the counts of the interference but not, as the board held, patentably distinct from the issue thereof; that the filing date of an application resulting in a domestic patent establishes a prima facie date of invention for everything disclosed in a domestic patent;[1] and that to overcome the effect of such a patent when cited as a reference against the allowance of claims to a later applicant for substantially the same subject matter, in whole or in part, circumstances tending to establish that the applicant is presumably the first inventor of the subject matter defined by such claims must be shown by the applicant. On the point of patentable distinction the solicitor argues:

"One of the reasons urged in appellant's brief in support of her argument as to patentable distinction is said to be * * * that 'the appealed claims are for a subcombination of the sawtooth oscillator covered by the interference counts.' It is quite true, as has hereinbefore pointed out, that the appealed claims cover the integrating circuit, while the interference counts covered the same integrating circuit plus some other elements to make

1. Alexander Milburn Co. v. Davis, etc., Co., 1926, 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651; In re Downs, 45 F.2d 251, 18 C.C.P.A., Patents, 803.

up the oscillator. Thus, it is obvious that the subject matter of the appealed claims and the interference counts is different, but it does not follow that the difference makes a patentable distinction."

The solicitor in support of his position urges that under such circumstances as are presented in the case at bar the courts have uniformly applied the rule of law "that a losing party in an interference is not entitled to claims that would dominate the claims given to his successful rival," citing In re Henderson, 50 App.D.C. 191, 269 F. 707, 708; In re Sola, 77 F.2d 627, 22 C.C.P.A., Patents, 1313; In re Derleth, 118 F.2d 566, 28 C.C.P.A., Patents, 973.

The solicitor in his brief also points out that it does not seem to be too great a transition, nor an inventive one, from the subject matter of an integrating circuit, as defined by the limitations of the appealed claims, and an oscillator including such circuit, as claimed in the counts of the interference and in the patent to Whiteley.

Resort to appellant's specification discloses that he therein described his integrating circuit, illustrated in Fig. 1 of the drawings and now claimed to be *the* invention, merely as showing "a circuit arrangement of one form of the invention," and the oscillators of Figs. 2 and 4, respectively, as showing "another form of the invention which is adapted to generate a voltage of sawtooth waveform." It should be noted likewise that the disclosure of the elements described in the patent to Whiteley follows an almost identical pattern.

It does not necessarily follow that every element or sub-combination of a patented combination claim is separately patentable. In re Hadsel, 173 F.2d 1010, 36 C.C.P.A., Patents, 1075. On the other hand, as the solicitor explicity concedes in his brief, "It is entirely proper for the appellant to claim as a part of a combination the feature of the integrating circuit which he invented." That concession is qualified, however, by the provision that appellant must establish at the proper time by a proper showing that he was at least presumptively the first inventor of the part of the combination which he claims.

The tribunals of the Patent Office, for the reasons hereinbefore described, took the position that appellant's contentions were not persuasive on the respective points (1) that the appealed claims and the counts of the interference are for patentably distinct inventions and (2) that Whiteley did not properly claim the subject matter defined by the limitations of the appealed claims.

The third basic point which appellant advances in her brief as a ground of reversal, namely, that "By carrying his [Blumlein's] invention date back of the domestic filing date of the application which matured into the Whiteley patent, the appellant overcame that patent as a reference for the integrating circuit which is disclosed but not claimed therein," citing in support thereof the relevant provision of the code, 35 U.S.C. § 119, which reads as follows:

"An application for patent for an *invention* filed in this country by any person who has * * * filed an application for a patent for the *same* invention in a foreign country * * * shall have the same effect as the same application would have if filed in this country on the date on which the application for patent for the *same invention* was first filed in such foreign country * *." 35 U.S.C. § 119. (Italics supplied.)

With respect to appellant's quoted argument, the Solicitor for the Patent Office correctly states the controlling statutory law to the following effect:

"If Whiteley disclosed some structure in his patent, which structure was not mentioned in any of his claims, that structure was dedicated to the public and abandoned by Whiteley on taking out a patent without a claim on the structure. It would then be quite permissible to allow a claim on the disclosed, but not claimed structure, to

a later applicant who showed he invented the unclaimed structure before the filing date of the domestic application for the patent. In such a situation, the patentee is not interfered with in allowing the second patent. He can use all that he claimed in the claims of his patent."

In other words, the solicitor frankly concedes that appellant's quoted argument on the point in issue is "absolutely correct, on the facts stated," but the solicitor contends, and we think properly, that appellant's argument is too broad and inapposite with respect to the case at bar. Whiteley it is true did not separately claim the integrating circuit as such in the domestic application which he filed in this country, but Whiteley in that application did claim the identical integrating circuit in combination with other elements to make a generator. The situation presented here is therefore distinctly different from the situation defined by appellant's argument hereinbefore described, and appellant has not established priority by any available method as pointed out in the case of In re Wagenhorst, 62 F.2d 831, 20 C.C.P.A., Patents, 829. See also Ex parte Homan, 117 O.G. 2088.

■ The rejection by the tribunals of the Patent Office in the case at bar is based not upon the filing date of Whiteley's foreign application but upon the adverse award of priority of invention against appellant and in favor of Whiteley, the patentee. On the record presented there is no evidence that appellant invented his integrating circuit before he invented the subject matter of the interference.

A critical analysis of the arguments presented inevitably leads to the conclusion that the decision of the Board of Appeals should be affirmed. In the meantime, the motion to dismiss appealed claims 18, 19, and 21, as hereinbefore described, is granted.

Affirmed.

JACKSON, Judge, retired, recalled to participate here in place of GARRETT, C. J.