**Alonzo L. SMITH, Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, John T. Hayward, Appellees.**

**No. 12031.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1954.

Decided Jan. 27, 1955.

Petition for Rehearing Denied March 2, 1955.

Mr. Edward A. Haight, Chicago, Ill., with whom Mr. George R. Jones, Washington, D. C., was on the brief, for appellant.

Mr. Clarence W. Moore, Washington, D. C., with whom Mr. E. L. Reynolds, Sol., U. S. Patent Office, was on the brief, for appellee Robert C. Watson, Commissioner of Patents.

Mr. James P. Burns, with whom Messrs. Vernon H. Doane and Edward S Irons, Washington, D. C., were on the brief, for appellee John T. Hayward.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This appeal is taken in a suit under Rev.Stat. § 4915 (1875), as amended, to obtain issuance of a patent.[1]

---

1. Rev.Stat. § 4915 (1875), as amended, 35 U.S.C. § 63 (1946), was repealed by the Act of July 19, 1952, c. 950, Section 5, 66 Stat. 815, and was replaced, to the extent here pertinent, by 66 Stat. 803, 35 U.S.C. § 145 (1952).

On September 16, 1938, plaintiff-appellant Smith filed an application with the Patent Office entitled "Gas Detector for Drilling-Muds."[2] Some months later, John T. Hayward filed an application for a claimed invention of similar nature. An interference proceeding (No. 81,858) was thereafter initiated in the Patent Office, on four stated counts. The Board of Interference Examiners ruled in favor of Hayward, and Smith appealed to the United States Court of Customs and Patent Appeals. That court affirmed. Smith v. Hayward, 1949, 176 F.2d 914, 37 C.C.P.A., Patents, 718; on petition for review, 1951, 193 F.2d 198, 39 C.C.P.A., Patents, 748. A patent to Hayward (No. 2,489,180) was in due course issued. When the Patent Office resumed its examination of Smith's application, it ultimately rejected all the claims there made.[3] Smith's present suit in the District Court was then begun. After a hearing, the complaint was dismissed by the District Court. This appeal followed.

■ We think it clear that an applicant who has been finally adjudicated not to be the first inventor of subject matter common to his application and the similar application of another claimant cannot thereafter obtain a patent for either that subject matter or for claims which define nothing patentable over that subject matter. United States Rubber Co. v. Coe, 1945, 79 U.S.App.D.C. 305, 146 F.2d 315; In re Cole, 1936, 82 F.2d 405, 408–409, 23 C.C.P.A., Patents, 1057. On the record before us, appellant cannot escape the thrust of that rule. True, the Primary Examiner had, prior to the interference proceeding, allowed him certain claims not directly involved in that proceeding, and it is those claims which are the basis of the present suit. But the Patent Office and the District Court ultimately ruled that those claims revealed no patentable disclosures over and above the invention described in the interference counts, and we find no basis in the record for disturbing their rulings.

■ Appellant lays particular stress on his Claim 12, a claim which was held in the Patent Office to be not patentable to Hayward. He urges that the decision in the interference cannot be res judicata as to claims which Hayward could not make, citing Daniels v. Coe, 1940, 73 App.D.C. 54, 116 F.2d 941. But that citation does not help appellant. A plaintiff in a proceeding under Rev.Stat. § 4915 must rely on the strength of his own case, not the weakness of his adversary's. See Pure Oil Co. v. Socony-Vacuum Oil Co., 1954, 94 U.S.App.D.C. ——, 212 F.2d 454. Appellant has failed to show that the Patent Office and the District Court were clearly wrong when they held that Claim 12 revealed no significant differences over the disclosures expressed in the interference counts.

Appellant does not here challenge the validity of Hayward's patent: he urges that he also is entitled to one. But there can be no peaceful co-existence of patents covering the same subject matter.

It is unnecessary to pass on the remaining contentions of the parties. For the reasons given above, the judgment of the District Court will be

Affirmed.

2. Serial No. 230,274.

3. The Primary Examiner had previously stated, in the declaration of interference, that in the event of an award of priority adverse to Smith in the interference proceeding, his remaining claims (those not directly involved in that proceeding) would be held subject to rejection.