**Application of Lawrence S. TOBIAS.**
**Patent Appeal No. 7384.**

United States Court of Customs
and Patent Appeals.
April 15, 1965.

Charles B. Smith, New York City, for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of all claims remaining in application serial No. 201,899, filed June 12, 1962, for a gable-topped paperboard container and blank for making it.

The container is of the square type commonly used for milk, cream, juice, etc., the gable top of which can be split open by pulling opposed sides of the top to break the adhesive seal and convert a portion of the top into a spout. The containers were formerly made liquid proof with wax which also functioned to form a heat seal. In recent years wax has been

replaced by polyethylene. One unfortunate effect of the substitution has been that this plastic made a seal so strong that when the container is opened there is difficulty in getting the spout portion detached from the adjacent surfaces to which it is adhered, pulling it loose often resulting in delamination of the paper, spoiling the spout and making an unsanitary edge.

The invention of the appealed claims resides in making an elongated slit through the spout portion of the top a short distance below its upper edge so that most or all of the portion which is adhered to adjacent parts during sealing is above the slit. Due to this slit, when the top is pulled open the spout portion readily unfolds without any damage to the paper of the spout.

All of the appealed claims were once allowed by the examiner but he withheld formal allowance "pending a possible interference." Thereafter he suggested a claim to appellant for the purpose of interference which appellant made as his claim 39 but later cancelled, also expressly disclaiming the subject matter of the suggested claim. Appellant is therefore in the same position as though he had initially refused to make the suggested claim.

The examiner then rejected the appealed claims as "unpatentable over the subject matter of disclaimed claim 39." The rejection was affirmed by the board. We are thus presented only with the question of law, whether the claims are properly rejected on that ground.

The legal basis of the rejection is Patent Office Rule 203(b), last sentence:

"The failure or refusal of any applicant to make any claim suggested within the time specified, shall be taken without further action as a disclaimer of the invention covered by that claim unless the time be extended."

Coupled with this is the rule we recently restated in In re Fenn, 315 F.2d 949, 50 CCPA 1163,

"* * * this court follows the rule that applicants who concede priority or disclaim interference counts are not entitled to claims which do not define patentably over those counts. In re Sola, 77 F.2d 627, 22 CCPA 1313; and In re Williams [and McCabe], 62 F.2d 86, 20 CCPA 738."

There are two related issues: (1) whether claim 39 is broad enough to include the subject matter of the appealed claims so as to "anticipate," and (2) whether, if it does not thus anticipate, the appealed claims distinguish thereover in pointing out patentable differences. The crux of the matter is whether appellant's "slit" is (1) within the expression in the disclaimed claim "perforated longitudinally" or (2) if it is not, whether it differs patentably therefrom. This being the only question, we see no need to set forth the claims in full.

The board, after considering the same arguments the appellant has presented to us as to the dictionary and specialized meanings of "perforation" and "slit," held against appellant on both issues, finding that a perforation could be a single long slit as claimed by appellant and that even if claim 39 be limited to a row of small holes, such as are used in check books and sheets of postage stamps, the difference between that type of perforation and a slit is not a patentable difference.

We are in full agreement with the reasoning and conclusions of the board and its decision is affirmed.

Affirmed.