## HEYER, DOING BUSINESS AS T. A. HEYER DUPLICATOR COMPANY, *v.* DUPLICATOR MANUFACTURING COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 75. Argued October 15, 16, 1923.—Decided November 12, 1923.

The sale, by the patentee, of a costly and durable copying machine dependent for its operation on bands of gelatine, which are attached to spools and which cost little and are quickly used up, implies a right in the purchaser to replace such bands as they wear out, without further consent of the seller; and their manufacture and sale for that purpose by another is therefore not an infringement, though the band when used in the combination is covered by the patent. *Wilson* v. *Simpson*, 9 How. 109. P. 101.

284 Fed. 242, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals which reversed a decree of the District Court and directed one for the plaintiff, the present respondent, in a suit for infringement of a patent.

*Mr. Samuel Walker Banning,* with whom *Mr. Thomas A. Banning* was on the brief, for petitioner.

*Mr. George L. Wilkinson,* with whom *Mr. Henry M. Huxley* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill in equity brought by the respondent against the petitioner alleging the infringement of a patent. The District Court dismissed the bill, but the Circuit Court of Appeals gave the respondent a decree, one Judge dissenting upon the main point. 284 Fed. 242. The respondent owns a patent for improvements in multiple copying machines, one element of which is a band of gelatine to which is transferred the print to be multiplied and which yields copies up to about a hundred. This band is attached to a spool or spindle which fits into the machine.[1] Anyone may make and sell the gelatine composition but the ground of recovery was that the defendant made and sold bands of sizes fitted for use in the plaintiff's machine and attached them to spindles, with intent that they should be so used. The main question is whether purchasers of these machines have a right to replace the gelatine bands from any source that they choose. If they have that right the defendant in selling to them does no wrong. It is assumed for the purposes of argument that the claim is valid and covers the band when used in this combination, since otherwise there would be nothing to discuss.

Since *Wilson* v. *Simpson,* 9 How. 109, 123, it has been the established law that a patentee has not " a more equitable right to force the disuse of the machine entirely, on account of the inoperativeness of a part of it, than the purchaser has to repair, who has, in the whole of it, a right of use." The owner when he bought one of these machines had a right to suppose that he was free to main-

---

[1] The claim relied upon is " 42. In a multiple copying machine, the combination with a machine frame having on one side thereof a journal bearing and on the opposite side a chuck, of a duplicating band, and a spool on which said duplicating band is wound, said spool having at each end a squared chuck-engaging member and a cylindrical bearing member, whereby said spool is interchangeable end for end between said chuck and journal bearing, substantially as described."

tain it in use, without the further consent of the seller, for more than the sixty days in which the present gelatine might be used up. The machine lasts indefinitely, the bands are exhausted after a limited use and manifestly must be replaced. 9 How. 126. The machine is costly, the bands are a cheap and common article of commerce. In *Wilson* v. *Simpson,* the purchaser was held free to replace the cutter knives that were the ultimate tool of the invention. The present case seems to us stronger in favor of the defendant. The gelatine probably has to be replaced at least as frequently as the cutter knives and would seem to be less distinctively appropriated to the machine. In *Leeds & Catlin Co.* v. *Victor Talking Machine Co.,* (No. 2), 213 U. S. 325, the question was not of a right to substitute worn out parts but of a right to use new discs in a talking machine. The authority of *Wilson* v. *Simpson* and the cases that have followed it was fully recognized and must be recognized here. We have only to establish the construction of a bargain on principles of common sense applied to the specific facts. We cannot doubt what the fair interpretation is and it would not be affected even if every purchaser knew that the vendor was prepared to furnish new bands.

Inasmuch as after the present bill had been dismissed it was reinstated on condition that the plaintiff be limited for recovery of profits or damages to the period after the reinstatement and as the evidence is that the only spools used since that date came from the plaintiff we think it unnecessary to make any order touching the spools.

*Decree reversed.*