## HEYER DUPLICATOR CO., Inc., v. DITTO, Inc.

(Circuit Court of Appeals, Seventh Circuit. May 29, 1925.)

No. 3508.

Patents ⬅328—965,887, claim No. 42, for spools on multiple copying machine, held infringed.

Flanigan patent, No. 965,887, claim No. 42, relating to spools on multiple copying machine, used for revolving duplicating band of gelatinous substance, *held* infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Ditto, Inc., against the Heyer Duplicator Company, Inc. Decree for plaintiff, and defendant appeals. Affirmed.

Samuel W. Banning, of Chicago, Ill., for appellant.

George L. Wilkinson, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The present suit was brought to enjoin the infringement of claim 42, patent No. 965,887, covering a multiple copying machine. The same claim was before this court and upheld in 284 F. 242. The sharply controverted issue on that appeal was one of infringement. This court found for patentee. The Supreme Court took the case on a writ of certiorari, and reversed the judgment. 263 U. S. 100, 44 S. Ct. 31, 68 L. Ed. 189.

Appellee in the present suit, as the holder of the patent, again brings this suit against the same defendant, charging infringement in furnishing the "spool on which said duplicating band is wound," referred to in said claim. On the previous hearing in this court, we were unanimous in holding that defendant was guilty of infringement in furnishing the spool. We, however, were divided on the question of its right to supply the "duplicating band" of gelatinous substance.

Respecting the effect of supplying the spools, the Supreme Court said: "Inasmuch as, after the present bill had been dismissed, it was reinstated on condition that the plaintiff be limited for recovery of profits or damages to the period after the reinstatement, and as the evidence is that the only spools used since that date came from the plaintiff, we think it unnecessary to make any order touching the spools."

As the furnishing of spools is the only act complained of in the present suit, the decision of the Supreme Court is no guide to us, unless we can find, in the discussion of the other issue, language decisive of the present controversy. Examining that opinion, we find nothing that calls for a change in the conclusion heretofore reached.

The Supreme Court, in disposing of this case, did not intend to repudiate or distinguish the decision in Leeds & Catlin v. Victor Talk. Mach. Co., 213 U. S. 325, 29 S. Ct. 503, 53 L. Ed. 816, upon which we relied in disposing of this question on the previous appeal. The decisions in this last-cited case, in Wilson v. Simpson, 9 How. 109, 13 L. Ed. 66, in Morgan Envelope Co. v. Albany Paper Co., 152 U. S. 425, 14 S. Ct. 627, 38 L. Ed. 500, and the opinion in this case may all be harmonized. In each instance the court was required to apply a rule to the facts in the instant case. In the present appeal we are to determine whether the element in the combination which the alleged infringer supplied is possessed of lasting and permanent qualities, or is an element which, in the very operation of the machine, must be replaced frequently.

We answer the question, as we did before, in appellee's favor, and say the spool or roll is not perishable or temporary in character, but is a permanent part of the machine, and is especially designed and constructed to fit into patentee's combination.

The decree is affirmed.