## BELKNAP et al. v. WALLACE ADDRESSING MACH. CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 5, 1926.)

No. 355.

**1. Patents ⟜328.**

Belknap patent, 1,256,509, claims 3 to 6, for addressing machine, *held* valid and contributorily infringed by the manufacture and sale of stencil cards.

**2. Patents ⟜324(5).**

On appeal in patent infringement suit from interlocutory decree granting plaintiff a temporary injunction, propriety of court's dismissal of counterclaim cannot be considered.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by Edwin D. Belknap and another against the Wallace Addressing Machine Company, Incorporated. Interlocutory decree for plaintiffs (10 F.[2d] 602), and defendant appeals. Affirmed.

Certiorari denied 46 S. Ct. 630, 70 L. Ed. ──.

Livingston Gifford and E. Clarkson Seward, both of New York City, for appellant.

Samuel O. Edmonds and A. Parker-Smith, both of New York City, for appellees.

Before ROGERS, HOUGH, and MACK, Circuit Judges.

PER CURIAM. This is the usual suit for alleged infringement of claims 3 to 6 of patent 1,256,509, issued to plaintiff, Belknap, for an "addressing machine." Two questions are presented: (1) Is the patent valid? And if it is (2) is defendant guilty of contributory infringement?

[1] The patent was upheld below in an opinion by Winslow, District Judge, to which we do not find it necessary to add anything. Assuming, now, the validity of the patent, it does not seem to us that the question of infringement is open to any doubt. It is admitted that a "stencil blank" of stiff and durable cardboard, each blank displaying a "window" covered by a tough, translucent paper, constitutes an element in the combination described in and covered by each of the claims in suit. This card is an element, not merely because it is so described in the claim, but it is so used in the addressing machine that it is a part of the mechanism productive of the result desired, described and claimed.

Defendant makes these cards, sells them to owners of plaintiffs' addressing machines, and every time that machine is operated with defendant's cards or stencil blanks the patented combination is reconstituted. These stencil blanks are not temporary, fragile, nor easily worn out; indeed, substantially the only reason why new ones are wanted is that there is one card or blank for each address, and addresses change, and addressees cease to profitably patronize the merchant who formerly addressed them.

To such a situation Leeds & Catlin Co. v. Victor Talking Mach. Co., 213 U. S. 325, 29 S. Ct. 495, 53 L. Ed. 805, fully applies, and we hold that under that decision defendant has no right, without license from plaintiffs, to supply to users of plaintiffs' patented combination a nonperishable element thereof (i. e., the stencil blanks) to be employed in extending the scope of the use of the same and thereby reconstructing or reproducing it.

We are further of opinion that it is entirely clear that neither the subsequent case of Heyer v. Duplicator Co., 263 U. S. 100, 44 S. Ct. 31, 68 L. Ed. 189, nor Individual, etc., Co. v. Errett (C. C. A.) 297 F. 733, affects the authority or applicability of the Leeds Case, supra. Every case of infringement depends on its own facts, and to the facts of this case the law of the Leeds Case is directly applicable.

[2] Before or at trial below the court dis-

missed the counterclaim advanced by defendant. An endeavor is now made to discuss on this appeal the propriety of that dismissal. But this cause is here solely because the interlocutory decree for plaintiff provided for an injunction. The only thing that gives any right of appeal at present is the existence of this temporary injunction. We cannot consider on such an appeal the propriety or impropriety of finally dismissing the counterclaim. That must await final decree.

Decree affirmed, with costs.