## In re SMITH.

Court of Customs and Patent Appeals.
December 19, 1929.

Patent Appeal No. 2169.

See also 36 F.(2d) 303.

Burnham C. Stickney, of New York City (L. H. Campbell, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. ▮ The appellant filed six claims for a patent on improvements in typewriting machines. All these claims were rejected by the Examiner, the Examiners in Chief, and the Commissioner of Patents, and the applicant has appealed to this court. The claimed improvements to typewriting machines disclosed by the applicant's claims, specifications, and drawings, consist in using, in connection with a continuous billing or fan-fold machine, carbon sheets of a length greater than that for which the machine is designed, so as to provide supply or reserve portions which may be used upon exhaustion or wearing out of used portions of the carbon sheets; in other words, to use in combination with the ordinary and well-known continuous billing machine, carbon sheets in such a way that an available replacement of such sheets may be inserted into the machine without removal of the carbon carrier and its various blades. Claims 1, 2, 3, 4, and 6 are for device patents, while 5 is a method claim.

Claim 1 illustrates the device claims of the applicant, and is as follows:

1. "A web-manifolding equipment including a typewriting machine having a platen, and typing instrumentalities, and a carbon-stripper at the rear of said platen, web-plies threaded through said carbon-stripper and extending to said platen, and carbon-sheets attached to said carbon-stripper interleaved between said web-plies, each of such carbon-sheets including a first-used section and a spare section, between the first-used section and the stripper, said spare sections being usable after said first-used sections are worn out and severed."

▮ The appellant proposes to equip the ordinary continuous billing or fan-fold machine with carbon sheets of twice the ordinary length. These are placed between the plies of the web and attached in the usual manner to the blades of the carbon carrier. In order to type on the first set of forms on the plies of the work-web, the leading ends of the carbon sheets are positioned slightly to the rear of the leading edges of the web, which may be a fan-folded web or may comprise a plurality of separate plies. This web is then fed

around the platen and typing effected on the first set of forms. When ready to use a second set of carbon sheets, the platen is displaced, the carbon-carrier thrust rearwardly against the stop, the web advanced until the leading edges of the carbon-sheets are in proper position with reference to the second set of forms, the platen restored to effective position, the composite web reversely fed, until the line of detachment at the bottom of the typed forms is at the knife, and the typed forms torn off. Typing is then started on the next set of forms. On the reverse feeding of the platen there is a looseness in the web and forms between the platen and the carbon-carrier. By a somewhat similar process the applicant proposes to tear off the leading ends of the carbon sheets when they become so badly worn as to be no longer serviceable. It is claimed this is an important contribution to the art, in that it economizes time and makes the process much easier for the operator of the machine. Claim 5, as has been said, is a method claim. All the claims were rejected by the Patent Office on patents to Wernery & Smith, No. 1,132,055, and to Smith, No. 1,349,109. It is apparent from an examination of the references that the machine which the applicant proposes to use is identical with the references, and that there is nothing novel in the application here unless it be in the combination and method. But in those respects we are unable to see any patentability. The billing machine which the appellant proposes to use in combination is old to the art, and it seems quite obvious that what the appellant is attempting to do here is to obtain a patent on the discovery of a new and analogous function for an old machine. That such a discovery is not patentable has long since been determined. In re McNeil and Sturtevant, C. D. 1907, p. 478, 28 App. D. C. 461. A patentee is entitled to make every use of which his patent is susceptible, whether the use was known or unknown to him. Potts v. Creager, 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275. It was said in Ansonia Co. v. Electrical Supply Co., 144 U. S. 11, 18, 12 S. Ct. 601, 604, 36 L. Ed. 327: "Nothing is better settled in this court than that the application of an old process to a new and analogous purpose does not involve invention, even if the new result had not before been contemplated." In, Roberts v. Ryer, 91 U. S. 150, 151, 23 L. Ed. 267, the Supreme Court said it is no new invention to use an old machine for a new purpose. The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not.

It might be argued that the invention here consists in a combination of extra length carbons with the old machine, and that such a combination is patentable. It will be borne in mind that it has been long established that a person may not patent a combination of device and material upon which the device works, nor limit other persons from the use of similar material by claiming a device patent. Burt Co. v. Ritchie Co. (D. C.) 251 F. 909; Heyer Duplicator Co. v. Duplicator Mfg. Co., 263 U. S. 100, 44 S. Ct. 31, 68 L. Ed. 189; Individual Drinking Cup Co. v. Errett (C. C. A.) 297 F. 733; Morgan Envelope Co. v. Albany Paper Co., 152 U. S. 425, 14 S. Ct. 627, 38 L. Ed. 500; American Tobacco Co. v. Streat (C. C. A.) 83 F. 700.

In addition to what has been said, we are of the opinion that claim No. 5, of appellant, in which he seeks a patent upon his method, is not a sufficient one. What he proposes to do in this claim, it appears to us, is simply an application of mechanical skill exerted after a study of the prior art, and is such a method as might naturally suggest itself to any one skilled in the art of using such machines as the one herein involved.

In view of what has been said, the decision of the Commissioner of Patents is affirmed.

Affirmed.