**In re DOWNS et al.**

**Patent Appeal No. 2549.**

Court of Customs and Patent Appeals.
Dec. 19, 1930.

Pennie, Davis, Marvin & Edmonds, of New York City (W. B. Morton, of New York City, and C. M. Fisher, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner finally rejecting all the claims of appellants' application.

Claims 2 and 10 are illustrative of the claims in issue and read as follows:

"2. The process which comprises coating one side of a sheet of metal with a catalyst in good heat-conducting relation therewith, maintaining a liquid in contact with the other side of said sheet of metal and bringing reactive material into contact with said catalyst."

"10. In an apparatus of the class described, a container coated upon the outside with a catalyst, a liquid in said container and means for removing heat transferred to said liquid in excess of that required to bring it to its boiling point."

The application relates to a process and apparatus for removing heat from catalytic reactions, and discloses a reaction chamber or vessel within which are sheet metal containers coated upon the outside with a film of catalyst and being filled on the inside to a desired level with a liquid such as water or mercury. Two inlets and one outlet are provided in said chamber or vessel for permitting entrance and exit of reactive material to and from the vessel and into contact with the catalyst. The containers extend parallel with each other into the vessel, and have pipes leading from the upper portion thereof through stuffing boxes on the cover section of the vessel, and are surrounded by jackets or condensers through which cooling fluid may be circulated by certain other pipes shown in the drawings. Thus heat transferred by the reaction to the liquid within the container in excess of that required to bring the liquid to its boiling point is removed.

The references cited are: Kochmann, 1,-468,708, September 25, 1923; Lane, British, 10,724, of 1911.

The patent to Kochmann, 1,468,708, application for which was filed on October 8, 1914, by a citizen of Germany, relates to a process for performing chemical reactions, and discloses a reaction chamber having a wall within which is a container coated with a catalytic agent. Supply and delivery pipes are shown for the reaction mixture. Several forms of apparatus are shown in the drawings for carrying the process into practice. In one of them, Figure 5, there is shown a specific form of the container divided into two parts, one arranged to be electrically heated and the other arranged to be cooled by water, a layer of insulation separating the two sections. The primary end sought to be secured by the invention described was to obtain uniform time of contact of the reaction mixture with the catalytic agent.

However, in his specification, the patentee recognized the importance of temperature

as affecting the reaction, for he stated in the beginning of his specification that: "The course of chemical reactions is determined in such manner by the conditions of pressure, temperature and concentration that the mutual relation of these factors involves a theoretically exactly predetermined time in connection with a reaction." Later he stated: "Consequently local superheating or too severe cooling can occur in the interior of the reacting chamber and the result is a non-uniform product and diminished output."

The British patent to Lane relates to a synthetical production or manufacture of compound gases in which tubes contain the catalyst, over which the reaction mixture is passed by means of two inlets and one outlet. The tubes are immersed in a boiler or bath, the purpose being to keep a uniform temperature, said purpose being expressed in the specification as follows:

"As the catalysing tubes are of small diameter the heat generated by the reactions and condensation is rapidly absorbed by the surrounding fluid in the bath which itself cannot become heated to a greater degree than its boiling point determines. Moreover the mass of the catalysing material being attenuated heat cannot accumulate within it to any injurious extent."

The claims were rejected on the ground that there would be no invention in applying the heat controlling means of Lane to a construction like Kochmann's, in which the catalyst is applied as a coating on one of the walls.

The Board of Appeals also held that the appealed claims are so broad as to read substantially upon Kochmann's construction.

A preliminary question is raised by appellants which we will first dispose of. They contend that the Kochmann patent is not a valid reference because said patent was issued subsequent to appellants' application, although Kochmann's application was filed prior to the date of appellants' application. This contention is based upon the fact that the invention for which Kochmann's application was filed was made in Germany. Appellants rely upon some language in the case of Milburn Co. v. Davis-Bournonville Co., 270 U. S. 390, 46 S. Ct. 324, 325, 70 L. Ed. 651, to support their contention. We do not think appellants' point is well taken. The case referred to holds unequivocally that, as regards reduction to practice, a description that would bar a patent if printed in a periodical or in an issued patent is

equally effective in an application; that is to say, that the description of an invention in an application, upon which a patent is subsequently issued, constitutes a bar, from the date of the application, to the issuance of a subsequent patent covering the same invention, unless the later applicant can show that he was actually the first inventor. The reason for this rule is stated in the Milburn Company v. Davis-Bournonville Company Case, supra, as follows:

" * * * The delays of the patent office ought not to cut down the effect of what has been done. The description shows that Whitford was not the first inventor. Clifford had done all that he could do to make his description public. He had taken steps that would make it public as soon as the Patent Office did its work, although, of course, amendments might be required of him before the end could be reached."

We find nothing in the law or in reason why this rule should not apply to applications of foreign inventors filed in the United States Patent Office as well as to applications for inventions made in this country.

The application of the Kochmann patent does not disclose all of the features of the invention claimed by appellants, but only that part of appellants' claims calling for the coating of a sheet of metal with a catalyst; standing alone, it would not constitute an anticipation of appellants' invention, and we do not agree with the Board of Appeals that appellants' claims are so broad as to read substantially upon Kochmann's construction. While Kochmann recognized the desirability of avoiding local superheating or too severe cooling in the interior of the reacting chamber, he did not solve the problem or attempt to solve it in the manner disclosed by appellant.

The patent to Lane did, however, solve this problem in exactly the way disclosed by appellant; i. e., by immersing the catalytic tubes in a liquid which in itself cannot become heated to a greater degree than its boiling point determines. This is the essential part of Lane's invention, and, as we view it, it is also the essential part of applicant's disclosure. Lane applied his heat-regulating means to an apparatus where the catalyzing material was contained in tubes; said tubes being immersed in the liquid. Appellant applies his heat-regulating means to a container coated with a catalyzing material. We do not deem it important that Lane also shows a process of progressively adding one constituent gas to the mixture. He clearly does

show the process of the immersion of the tubes in the liquid to regulate the temperature.

We therefore have the coating of the container by a catalyst shown by Kochmann and the immersion of the vessel or tube containing the catalyst to regulate the temperature shown by Lane. The question, therefore, arises, Is it invention to apply the process shown by Lane to the process shown by Kochmann?

Appellants contend: (1) That neither the Lane nor the Kochmann patent is alone a complete anticipation of appellant's invention; (2) that it would involve invention to apply the heat controlling means of Lane to a construction in which the catalyst is applied as a coating on a heat transmitting wall of a reaction chamber.

The first contention is established by the record.

Before stating our conclusion upon this last contention, we note appellants' contention that, as Kochmann had in mind only the obtaining of uniform time of contact of the reaction mixture with the catalytic agent, therefore he made no attempt to solve the problem to which appellant directed his attention.

It is well settled that a patentee is entitled to make every use of which his patent is susceptible, whether the use was known or unknown to him. In re Smith (Cust. & Pat. App.) 36 F.(2d) 302.

In the case of United States Mitis Co. v. Midvale Steel Co. (C. C.) 135 F. 103, 112, the court, speaking of the process there involved, said: "The inventor is entitled to every beneficial result legitimately flowing from his invention, and it does not detract from it that it accomplishes more than was expected if that is true of it."

Anticipation is not to be determined from the claims made in the references, but upon the disclosures in the respective specifications. Minerals Separation North American Corporation v. Magma Copper Co., 280 U. S. 400, 50 S. Ct. 185, 74 L. Ed. 511.

This brings us finally to the question of whether combining the disclosures of Koch-

mann and of Lane constitutes invention. We are clear that it does not. Lane discloses clearly the heat regulating method applied to a catalyst contained within tubes. Kochmann discloses a container coated with a catalyst. It is obvious to us that there would be no invention in applying Lane's heat control method, applied in his disclosure to a catalyst contained within tubes, to a container which is coated with a catalyst such as shown by Kochmann. We agree with the Examiner in his statement that:

"* * * No new principle is involved, no new and unobvious result is obtained by applying Lane's method of controlling the temperature to a catalyst arranged in the form of a thin film or coating over the control of the temperature of a catalyst arranged as a filling in small heat conducting tubes. There is also nothing novel about arranging the catalyst as a coating on a heat conducting surface as that is shown to be old by Kochmann. To control the temperature of the catalytic device of Kochmann by Lane's method involves no invention whatever and that is all applicant is doing. Lane having disclosed the idea of utilizing the known principle that the temperature of a boiling liquid at a given pressure is constant, in maintaining a catalytic reaction at a desired temperature, it is not seen wherein it involves invention to apply this idea to a catalytic device in which the catalytic material may be arranged in a different manner with respect to its support."

It is well settled that to constitute anticipation it is not necessary that the entire process of appellants be disclosed in any single reference. It is sufficient if their several steps be found in different patents. In re Harris, 37 App. D. C. 374, and cases cited.

With regard to the apparatus claims, they read upon Lane's disclosure except for the coating of the container with a catalyst. The substitution of said coating, in the apparatus claimed, for the catalyst as shown by Lane does not involve invention in view of Kochmann.

The decision of the Board of Appeals of the Patent Office is affirmed.

Affirmed.