**FROMBERG, INC., Plaintiff,**

v.

**GROSS MANUFACTURING COMPANY, Inc., Defendant.**

No. 62–758.

United States District Court
S. D. California,
Central Division.

Oct. 24, 1962.

742

Nilsson & Robbins, Los Angeles, Cal., for plaintiff.

Christie, Parker & Hale, Pasadena, Cal., for defendant.

CURTIS, District Judge.

The plaintiff manufactures and sells tire repair cartridges consisting of an elongated shell, somewhat like a rifle shell but open on both ends, and a cylindrical rubber plug compressed within the shell. It is the purpose of this shell, when used with an applicator, to dispense the rubber plug therein contained into an opening in the tire to repair the same. In order to re-use the metal shell it is only necessary to place therein another rubber plug. Neither the shell nor the rubber plug are patentable components, but it is the combination which is claimed as a subject of the patent in suit.

The defendant manufactures and sells rubber repair plugs adaptable for reloading plaintiff's metal shells and teaches its customers that its plugs may be used to reload plaintiff's empty shells by following simple instructions furnished by defendant. Defendant also purchases plaintiff's cartridges and sells tire re-pair kits consisting of one of plaintiff's cartridges, ready for use, and 20 or more rubber plugs of defendant's manufacture, furnishing therewith instructions as to how to refill plaintiff's shells.

Upon these facts plaintiff sues for infringement of its patent and the matter comes before us on defendant's motion for summary judgment. Defendant urges that all the facts hereinabove stated are undisputed and that they establish non-infringement. With this conclusion we agree.

Plaintiff contends that the process of reloading the shell is in fact a "reconstruction" of the original cartridge, rather than a "repair" of it, under the cases holding that "reconstruction" is not permissible under the patent, while "repair" is. There are, no doubt, many cases holding that where the manufacture and sale of a single element of a patented combination with the intent that it shall be used with the other elements and so complete the combination, is an infringement if the use of the added elements constitutes a "reconstruction" of the original device, but not, if it constitutes only a "repair". Morgan Envelope Company v. Albany Paper Company, 152 U.S. 425, 14 S.Ct. 627, 38 L. Ed. 500. But as pointed out in the Morgan Envelope case, these cases have no application to one where the element made by the alleged infringer is an article of manufacture, perishable in its nature, which it is the object of the mechanism to deliver, and which must be renewed periodically whenever the device is put to use. Although it cannot be said in the instant case that the rubber plug is perishable, it nevertheless has only a temporary use in the patentable combination.

In Aro Manufacturing Co. v. Convertible Top Replacement Co., 365 U.S. 336, 343, note 9, 81 S.Ct. 599, 5 L.Ed. 592, the Court stated: "Morgan Envelope Co. v. Albany Paper Co., 152 U.S. 425 [14 S.Ct. 627, 38 L.Ed. 500] and Heyer v. Duplicator Mfg. Co., 263 U.S. 100 [44 S.Ct. 31, 68 L.Ed. 189], held that an owner or licensee of a patented ma-

743

chine or combination does not infringe the patent by replacing an unpatented element of the combination which has only a *temporary period of usefulness* (emphasis ours), so that replacement is necessary for continued utilization of the machine or combination as a whole".

The plaintiff, having once sold its cartridge, is no longer entitled to the protection of its patent on the device sold, and the defendant, as a purchaser, may therefor without infringement replace, or advise others to replace, an unpatented component thereon with one of defendant's own design and manufacture.

Motion for summary judgment is, therefore, granted.