Mr. Justice Douglas
 

 delivered the opinion of the Court.
 

 Respondent is the
 
 owner
 
 of a combination patent covering a fish-canning machíne. A number of machines covered by the patent were manufactured and sold under
 
 *555
 
 his authorization. Among them were the four machines in suit, petitioner Wilbur-Ellis Company being the second-hand purchaser. Respondent received out of the original purchase price a royalty of $1,500 per machine. As originally constructed each of these machines packed fish into “1-pound” cans: 3 inches in diameter and 4n/i6 inches high. Three of the machines when acquired by Wilbur-Ellis were corroded, rusted, and inoperative; and all required cleaning and sandblasting to make them usable. Wilbur-Ellis retained petitioner Leuschner to put the machines in condition so they would operate and to resize six of the 35 elements that made up the patented combination. The resizing was for the purpose of enabling the machines to pack fish into “5-ounce” cans: 2% inches in diameter and
 
 3y2
 
 inches long. One of the six elements was so corroded that it could be rendered operable only by grinding it down to a size suitable for use with the smaller “5-ounce” can.
 

 This suit for infringement followed; and both the District Court, 200 F. Supp. 841, and the Court of Appeals, 314 F. 2d 71, held for respondent. The case is here on certiorari. 373 U. S. 921.
 

 We put to one side the case where the discovery or invention resided in or embraced either the size or locational characteristics of the replaced elements of a combination patent or the size of the commodity on which the machine operated. The claims of the patent before us do not reach that far. We also put to one side the case where replacement was made of a patented component of a combination patent. We deal here with a patent that covered only a combination of unpatented components.
 

 The question in terms of patent law precedents is whether what was done to these machines, the original manufacture and sale of which had been licensed by the patentee, amounted to “repair,” in which event there was no infringement, or “reconstruction,” in which event there
 
 *556
 
 was.
 
 *
 
 The idea of “reconstruction” in this context has the special connotation of those acts which would impinge on the patentee's right
 
 “to exclude others from making,”
 
 35 U. S. C. § 154, the article. As stated in
 
 Wilson
 
 v.
 
 Simpson,
 
 9 How. 109, 123, . . when the material of the combination ceases to exist, in whatever way that may occur, the right to renew it depends upon the right to make the invention. If the right to make does not exist, there is no right to rebuild the combination.” On the other hand, “When the wearing or injury is partial, then repair is restoration, and not reconstruction.”
 
 Ibid.
 
 Replacing worn-out cutting knives in a planing machine was held to be “repair,” not “reconstruction,” in
 
 Wilson
 
 v.
 
 Simpson, supra.
 
 Our latest case was
 
 Aro Mfg. Co.
 
 v.
 
 Convertible Top Replacement Co.,
 
 365 U. S. 336,.which a majority of the Court construe as holding that it was not infringement to replace the worn-out fabric of a patented convertible automobile top, whose original manufacture and sale had been licensed by the patentee. See No. 75,
 
 Aro Mfg. Co.
 
 v.
 
 Convertible Top Replacement Co.,
 
 decided this day.
 
 Post,
 
 p. 476.
 

 Whatever view may be taken of the holding in the first
 
 Aro
 
 case, the majority believe that it governs the present one. These four machines were not spent; they had years of usefulness remaining though they needed cleaning and repair. Had they been renovated and put to use on the “1-pound” cans, there could be no question but that they were “repaired,” not “reconstructed,” within the meaning of the cases. When six of the 35 elements of the combination patent were resized or relocated, no invasion of the patent resulted, for as we have said the size of cans serviced by the machine was no part of the invention; nor were characteristics of size, location, shape and con
 
 *557
 
 struction of the six elements in question patented. Petitioners in adapting the old machines to a related use were doing more than repair in the customary sense; but what they did was kin to repair for it bore on the useful capacity of the old combination, on which the royalty had been paid. We could not call it “reconstruction” without saying that the patentee’s right “to exclude others from making” the patented machine, 35 U. S. C. § 154, had been infringed. Yet adaptation for use of the machine on a “5-ounce” can is within the patent rights purchased, since size was not an invention.
 

 The adaptation made in the six nonpatented elements improved the usefulness of these machines. That does not, however, make the adaptation “reconstruction” within the meaning of the cases. We are asked in substance to treat the case as if petitioners had a license for use of the machines on “1-pound” cans only. But the sales here were outright, without restriction.
 
 Adams
 
 v.
 
 Burke,
 
 17 Wall. 453, 456, therefore controls:
 

 “. . . when the patentee, or the person having his rights, sells a machine or instrument whose sole value is in its use, he receives the consideration for its use and he parts with the right to restrict that use.”
 

 And see
 
 United States
 
 v.
 
 Univis Lens Co.,
 
 316 U. S. 241, 250.
 

 Reversed.
 

 MR. Justice Harlan would affirm the judgment substantially for the reasons given in the majority opinion in the Court of Appeals, 314 F. 2d 71.
 

 *
 

 See
 
 Cotton-Tie Co.
 
 v.
 
 Simmons,
 
 106 U. S. 89 (reconstruction);
 
 Heyer
 
 v.
 
 Duplicator Mfg. Co.,
 
 263 U. S. 100 (repair).