ANTON/BAUER, INC., Plaintiff,

v.

ENERGEX SYSTEMS CORPORATION, Defendant.

No. 93 Civ. 4682 (VLB).

United States District Court, S.D. New York.

Dec. 13, 1993.

Allen D. Brufsky, Kramer, Brufsky & Cifelli, Southport, CT, for plaintiff.

Stanley J. Yavner, New City, NY, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This is a trademark and patent infringement suit brought by plaintiff Anton/Bauer, Inc. ("Anton/Bauer") against the defendant Energex Systems Corporation ("Energex"). Jurisdiction is based upon 28 U.S.C. 1331 and 1338.

Anton/Bauer manufactures a system for providing light to television camera crews including battery cells, formerly contained in open packs and now in sealed ones. These packs are offered in conjunction with a monitoring system that reveals and assists in correcting weaknesses in battery functioning. Anton/Bauer has submitted an affidavit showing that it offers a four-year warranty on its system but advises customers that the battery cells may have to be replaced after periods of between six months and two years; the recommended list prices for Anton/Bauer replacement battery packs range from $275 to $525.[1]

Energex offers its customers who originally purchased Anton/Bauer systems rebuilt battery cell packs containing substitute cells, produced by utilizing used Anton/Bauer battery cell packs, some initially open and some sealed packs which were cut open and refilled with new cells. Many of the rebuilt battery packs sold by Energex contain trademarked Anton/Bauer names and symbols.[2]

---

1. It is assumed that suggested prices are only that and that no agreement to fix them is present. *Business Electronics v. Sharp Electronics Corp.*, 485 U.S. 717, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988).

2. Anton/Bauer owns registered trademarks concerning "ANTON/BAUER," alone or with accompanying designs (one of which is a parallelogram), "LOGIC SERIES" with and without specified designs, and "GOLD MOUNT." These various trademarks are covered by U.S. Registration Nos. 1,422,569, 1,423,652, 1,429,984, 1,555,336, 1,505,685, 1,507,939, 1,506,957 issued respectively Dec. 3, 1986, Jan. 6, 1987, Feb. 24, 1987,

Energex markets its substitute battery packs and cells as useable with the Anton/Bauer system. Anton/Bauer has no control over the nature of the battery cells offered by Energex for use in Anton/Bauer systems or carrying Anton/Bauer names or logos, or their compatibility with Anton/Bauer's monitoring battery systems.

Energex markets its products for use with Anton/Bauer systems as being fully compatible with Anton/Bauer products so that the Energex battery cells can be substituted with the same effect as if Anton/Bauer replacements were used. Energex has been unable, however, to establish that its products will in fact function with the same effectiveness or compatibility with Anton/Bauer's monitoring system as the Anton/Bauer replacement packs. Both Anton/Bauer and Energex conduct relevant business in interstate commerce.

Anton/Bauer contends that Energex is violating its trademarks contrary to the Lanham Act, 15 U.S.C. § 1051 et seq. and its United States patents,[3] and has moved for preliminary injunctive relief.

## II

■ The purpose of the Lanham Trademark Act, 15 U.S.C. § 1051 et seq., is to protect the public and encourage business activity by preventing confusion as to the origin of goods and services. See generally San Francisco Arts & Athletics v. USOC, 483 U.S. 522, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987); Backman, "The Role of Trademarks in Our Competitive Economy," 58 Trademark Rep. 219 (1968). Both direct use of a trademarked name or logo, and use of arbitrary (not functional) trade dress of a rival or other conduct leading to such confusion because of the appearance or means of presentation of a product, may violate the Lanham Act. LeSportsac v. K Mart Corp., 754 F.2d 71, 75 (2d Cir.1985).

■ Where copying of arbitrary non-functional characteristics of a rival's wares is intentional and appears to be for the purpose of free riding on the reputation of the rival, it may be unnecessary to determine the degree to which a product's appearance has secondary meaning indicating origin in the minds of purchasers. Paddington Corp. v. Attiki Importers, 996 F.2d 577, 586–87 (2d Cir.1993). Product appearance or marketing which is functional rather than arbitrary cannot, however, be prohibited under trademark law. Inwood Laboratories v. Ives Laboratories, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

■ Resale of a trademarked product without permission of the trademark holder is not prohibited by trademark law, but misleading statements concerning product similarity or compatibility are prohibited by both trademark law and numerous antideception provisions including § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). See generally H.L. Hayden Co. v. Siemens Medical Systems, 879 F.2d 1005, 1022–24 (2d Cir.1989), aff'g 672 F.Supp. 724 (S.D.N.Y.1987); Original Appalachian Artworks v. Granada Elecs., 816 F.2d 68, 72 (2d Cir.), cert. denied 484 U.S. 847, 108 S.Ct. 143, 98 L.Ed.2d 99 (1987); El Greco Leather Prods. v. Shoe World, 806 F.2d 392, 396 (2d Cir.1986); In re Emergency Beacon Corp., 13 B.R. 773 (Bankr S.D.N.Y.1981); see also Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947); Sebastian International v. Consumer Contacts (PTY), 847 F.2d 1093 (3d Cir.1988); and see 15 U.S.C. §§ 45, 53(b); 18 U.S.C. § 1345.

■ It seems clear that Energex is using Anton/Bauer's trademarked names and logos without permission, and also erroneously suggesting to customers that its products will predictably or necessarily function as a fully equivalent replacement for those of Anton/Bauer when this cannot be assured.

## III

■ A preliminary injunction may be granted if the applicant shows (1) irreparable injury and (2) either likelihood of success on the merits or (3) fair ground for litigation combined with a balance of hardships tipping

---

Sept. 5, 1989, Sept. 27, 1988, Oct. 11, 1988, Oct. 4, 1988.

**3.** Anton/Bauer cites U.S. Patents 4,218,107, 5,554,500, 4,822,296, 4,550,968 and 4,810,204.

decisively toward the applicant. *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979). Public interest is also a relevant element in connection with an application for interim relief.[4]

■ Irreparable injury to Anton/Bauer is clear because its battery cell and pack replacement business is being taken by means of trademark infringement, and based on possible loss of reputation if the Energex product does not function as customers expect. Anton/Bauer has also shown clear likelihood of success with respect to its trademark claims. And the public interest in being able to identify the source of products, and to avoid confusion as to their performance, also favors granting relief.

Energex argues, however, that because of the high cost of replacement cells, Anton/Bauer customers utilize Energex to avoid being trapped in a position of being required to pay unexpectedly large amounts, thereby creating a public interest in preserving Energex as a source of competition in the marketplace. It must be recognized that if a trademark owner—or other person—promotes a product deceptively through by failing to disclose downstream costs for necessary replacement parts where such costs are unexpected and hence clearly likely to cause an unpleasant surprise to the customer, section 43(a) of the Lanham Act (15 U.S.C. § 1125[a]) and other antideception rules or provisions may be violated. See *Carlson v. G.M.C.*, 883 F.2d 287 (4th Cir.1989), *cert.*

*denied* 495 U.S. 904, 910, 110 S.Ct. 1923, 1936, 109 L.Ed.2d 287, 299 (1990); *Martin v. Joseph Harris Co.*, 767 F.2d 296 (6th Cir. 1985); *State v. G.M.C.*, 120 Misc.2d 371, 466 N.Y.S.2d 124 (Sup.Ct.1983).

Were Energex's contentions established, the public interest element relevant to injunctive orders would weigh against such relief.[5] No evidence has been presented, however, to contradict Anton/Bauer's affidavit stating that full disclosures are made.

## IV

In evaluating the equities it is important to keep in mind what this case does not involve:

(a) This case does not involve resale of genuine trademarked goods in their original condition (see cases cited in part II above).

(b) This case does not involve a situation in which customers are trapped by surprise additional replacement costs for necessary materials to use a trademarked product, leading to demand for availability of substitutes from the alleged infringing party, relevant to the public interest with respect to equitable relief (see part III above).

(c) This case does not involve creation of a substitute product which is unmistakably not produced or approved by the trademark owner.

(d) This case does not involve a product known in advance to function in the same manner as that of the trademark owner, and

---

4. See *Datascope Corp. v. Kontron*, 786 F.2d 398, 400 (Fed.Cir.1986); *Roper Corp. v. Litton Systems*, 757 F.2d 1266, 1269 (Fed.Cir.1985); *KSM Fastening Systems v. H.A. Jones Co.*, 776 F.2d 1522, 1524 (Fed.Cir.1985); *Foster v. American Machine & Foundry Co.*, 492 F.2d 1317 (2d Cir.), *cert. denied* 419 U.S. 833, 95 S.Ct. 58, 42 L.Ed.2d 59 (1974); *Vitamin Technologists v. Wisconsin Alumni Research Foundation*, 146 F.2d 941, 954–56 (9th Cir.1944), *cert. denied* 325 U.S. 876, 65 S.Ct. 1554, 89 L.Ed. 1994 (1955); *Milwaukee v. Activated Sludge, Inc.*, 69 F.2d 577, 593 (7th Cir.1933), *cert. denied* 293 U.S. 576, 55 S.Ct. 87, 79 L.Ed. 673 (1934); Restatement (Second) of Torts § 942 and Comments at 587–88 (1979).

5. See *Foster v. American Machine & Foundry Co.*, 492 F.2d 1317 (2d Cir.), *cert. denied* 419 U.S. 833, 95 S.Ct. 58, 42 L.Ed.2d 59 (1974).

Energex's argument even if accepted would not necessarily affect other kinds of relief. Forfeiture of intellectual property as imposed in *Manhattan Medicine Co. v. Wood*, 108 U.S. 218, 2 S.Ct. 436, 27 L.Ed. 706 (1883) is regarded as excessively Draconian today, *Mitchell Brothers Film Corp. v. Cinema*, 604 F.2d 852 (5th Cir. 1979), *cert. denied* 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980); *Eisen, Durwood & Co. v. Tolkien*, 794 F.Supp. 85 (S.D.N.Y.1992), *aff'd without opinion* 990 F.2d 623 (2d Cir.1993).

The same view reflected in another context in the 1988 amendments to 35 U.S.C. § 271, adding subsection (d). which provides that certain conduct by a patentee (of kinds not claimed here) is not a cause for the patentee to be "denied relief" for infringement. Subsection (d) leaves the impact, if any, of the described conduct upon the appropriate nature of relief to the court. See Kobak, "The New Patent Misuse Law," 71 J Pat & Trademark Off Socy # 11 at 589 (Nov 1989).

thus properly advertised as a reliable generic equivalent. See *Societe Comptoir v. Alexander's,* 299 F.2d 33 (2d Cir.1962); *G.D. Searle & Co. v. Hudson Pharmaceutical Corp.,* 715 F.2d 837 (3d Cir.1983); *R.C. Smith v. Chanel, Inc.,* 402 F.2d 562 (9th Cir.1968). Instead, the Energex products appear to be related to Anton/Bauer either as Anton/Bauer's product or one reliably compatible with it, whereas neither assertion can be sustained.

This case does involve a significant risk both that customer confusion might distort the marketplace thus interfering with rewards earned for products that satisfy the customer, and that users of the Anton/Bauer might suffer from inability to secure the expected results because of lack of appreciation of the reality that rebuilt Energex products may or may not function as valid generic equivalents to the Anton/Bauer items they are designed to replace. See *In re Emergency Beacon Corp.,* 13 B.R. 773 (Bankr. S.D.N.Y.1981).

## V

Anton/Bauer is entitled to a preliminary injunction barring Energex or those acting in concert with it under Fed.R.Civ.P. 65(a) from utilizing any trademarked name or logo registered by Anton/Bauer, (b) from selling any product which has been altered or rebuilt by

Energex that still contains such a name or logo when offered for sale, and (c) from selling any product containing parts of a sealed Anton/Bauer product which has been broken open and then rebuilt, and which is represented as useable with an Anton/Bauer system, or any combination of such acts. This memorandum order will constitute an order to that effect.[6]

## VI

A preliminary injunction based upon Anton/Bauer's patent claims would lead to interim relief having the same effect with respect to Energex's conduct as that granted on Anton/Bauer's trademark claims. It is unnecessary to reach the patent issues at this stage of the litigation.[7]

SO ORDERED.

6. Either party may submit a proposed decree to supplement or replace this order within 20 days of the date of this memorandum order should it be considered necessary. Prior to doing so, the parties are directed to discuss the language of any proposed further order, without prejudice to any objections to the substance of today's decision.

7. Energex has not, and does not appear to have any intention to, produce produces akin to those of Anton/Bauer without utilizing its name or logo or representing that the Energex product is equivalent to or compatible with Anton/Bauer equipment. Were it to do so or threaten to do so, Anton/Bauer's patent claims would become pertinent to injunctive relief.

The questions presented by Anton/Bauer's patent claims include the extent to which under the particular circumstances of this case, Anton/Bauer's patents embracing a combination of elements, some of which are individually nonpatentable, bars use of those nonpatentable elements as repair or replacement parts by a cus-

tomer or firm hired for that purpose by a customer. See *Everpure v. Cuno, Inc.,* 875 F.2d 300 (Fed.Cir.), *cert. denied* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *Dana Corp. v. I.P.C., Ltd.,* 860 F.2d 415 (Fed.Cir.1988), *cert. denied* 490 U.S. 1067, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989); see also *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592 (1961); *Leeds & Catlin Co. v. Victor Talking Machine Co.,* 213 U.S. 325, 29 S.Ct. 503, 53 L.Ed. 816 (1908); *Heyer v. Duplicator Mfg. Co.,* 263 U.S. 100, 44 S.Ct. 31, 68 L.Ed. 189 (1923).

As Anton/Bauer points out in its reply memorandum, Dkt No 10 at p. 2 n. 2, the proper response "depends on the facts and circumstances of each case." (emphasis omitted). Further factual development appears necessary were such questions required to be determined.

Either to defer action on Anton/Bauer's clearly valid trademark claims pending resolution of the patent issues, or to adjudicate those issues unnecessarily or on an inadequate record would be inappropriate.